Argued and submitted February 8, reversed and remanded April 14, 1980

## HODGES,
### *Petitioner,*
*v.*
## REAL ESTATE DIVISION,
### *Respondent.*
### (No. CA 15142)
609 P2d 421

Nick Albrecht, Portland, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C.J., *vice* Lee, J., deceased.

[753]

**RICHARDSON, J.**

Petitioner appeals the Real Estate Commissioner's July 9, 1979, order reprimanding him for violation of ORS 696.301(4) and (32).[1] The order was entered following this court's reversal and remand for reconsideration of the Commissioner's prior order suspending petitioner's real estate sales license. The facts underlying the Commissioner's action are fully set forth in our previous opinion. *Hodges v. Real Estate Div.*, 40 Or App 243, 594 P2d 1286 (1979). Petitioner assigns as error the Commissioner's failure to provide him with notice and an opportunity to present argument on reconsideration.

The Commissioner's order involved in the prior appeal found petitioner in violation of subsections 4 and 9 of ORS 696.301.[2] Based on these violations, the Commissioner concluded that petitioner's conduct constituted bad faith and improper dealings within the meaning of subsection 32 of ORS 696.301, and suspended his license. 40 Or App at 248. On review, we

---

[1] ORS 696.301 provides, in pertinent part:

"The commissioner may suspend or revoke the real estate license of any real estate licensee or reprimand any licensee, or may deny the issuance of a license to an applicant, who has done any of the following:

"* * * * *

"(4)  Failed, within a reasonable time, to account for or to remit any moneys or to surrender to the rightful owner any documents or other valuable property coming into his possession which belongs to others.

"* * * * *

"(9)  Solicited, sold or offered for sale real property by offering 'free lots' or conducted lotteries or contests, or offered prizes or other inducements for the purpose of influencing a seller or purchaser or prospective seller or purchaser of real property.

"* * * * *

"(32)  Any act or conduct, whether of the same or of a different character specified in this section which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealings."

[2] *See* n. 1, *supra.*

[755]

concluded that petitioner's actions did not, as a matter of law, constitute a violation of subsection 9, ORS 696.301, and remanded the cause for reconsideration. On remand, the Commissioner based his decision solely on the existing record.

ORS 183.415 provides in pertinent part:

"(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.

"* * * * *

"(3) Parties may elect to be represented by counsel and to respond and present evidence and argument on all issues involved.

"* * * * *."

Petitioner does not contend that he was entitled to a new evidentiary hearing. He argues only that under ORS 183.415(1) and (3) he was entitled, on reconsideration, to notice and an opportunity "to present * * * *argument* on all issues involved." (Emphasis ours.)

As discussed, our previous opinion set aside one of the two violations which formed the basis of the order suspending petitioner's license. The issues before the Commissioner on reconsideration involved the sanction to be imposed. We conclude that under ORS 183.415(3), petitioner was entitled to present argument on that issue. We therefore remand for further proceedings consistent with this opinion. ORS 183.482(7).[3]

Reversed and remanded.[4]

---

[3] ORS 183.482, Or Laws 1979, ch 593, § 24, governs the scope of judicial review in this action. *Megdal v. Board of Dental Examiners,* 288 Or 293, 317-18, 605 P2d 273 (1980).

[4] Nothing in this opinion is intended to reflect on either the merits or the sanction imposed in this case.